# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 480 | **DATE** | 3/15/2004 |
| **CASE TITLE** | USA vs. James Humphreys | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Amended Memorandum Opinion and Order. The amended opinion reflects a correction to a scrivener's error on the third line of page one.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 6 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 68 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 480 |
| | ) | |
| JAMES HUMPHREYS | ) | Judge John W. Darrah |

## AMENDED MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought a one-count indictment against Defendant, James Humphreys. Defendant, a convicted felon, was indicted for possessing a firearm that traveled through interstate commerce in violation of 18 U.S.C. § 922(g)(1). Presently before the Court is Defendant's Motion to Quash Arrest and Suppress Evidence. The parties submitted briefs; and an evidentiary hearing on the motion was held, consisting of testimony of the two arresting police officers and Defendant. For the reasons that follow, that motion is denied.

## LEGAL STANDARD

Police officers may conduct a full search of an arrestee, including the area within the arrestee's immediate control, to discover weapons and evidence incident to a legal arrest. *United States v. Queen*, 847 F.2d 346, 352 (7th Cir. 1988). An arrest effectuated without an arrest warrant is legal only if the officer has probable cause to believe the suspect has committed a crime and the suspect is not inside his home. "A law enforcement officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a prudent person in

believing the suspect has committed or is committing an offense." *United States v. Sawyer*, 224 F.3d 675, 678-79 (7th Cir. 2000) ("*Sawyer*").

However, probable cause does not require evidence to convict a suspect, or even evidence showing it was more likely than not that the suspect committed the crime. Instead, if the totality of the circumstances, "viewed in a common sense manner," indicate a probability of criminal activity by the suspect, probable cause exists. *Sawyer*, 224 F.3d at 679.

## BACKGROUND

On December 11, 2003, Officers Joseph Schuler and Anthony Napolitano of the Chicago Police Department (the "Department") were on patrol when a Department dispatch informed them that a report of a disturbance had been made at 1120 South Cicero Street in Chicago, Illinois. A second Department dispatch stated that the officers should use caution because of a possible gun at the scene. When the officers arrived at 1120 South Cicero, they saw two men standing together, with a third man standing about eight feet away. One of these men was the Defendant, who was holding a black and green bag in his hand.

When they arrived at the scene, the officers told all three men to place their hands on the hood of the squad car and subjected them to a pat down search. Defendant placed the bag at his feet. By talking to the men, the officers learned that the other two men were Shawn Trimble, the owner of the trucking business located at 1120 South Cicero, and Don Dorian, one of Trimble's employees.

Trimble told Officer Schuler that Defendant had been employed as one of his truck drivers and that Defendant was supposed to return one of his company's trucks by December 10, 2002, but had failed to do as instructed. Trimble also stated that the vehicle was

2

reported stolen and that Defendant stole the vehicle. Trimble had an "incident notice" form in his hand, stating that the truck was stolen. An incident notice is given to a person filing a complaint with the Department as a form of a receipt. The truck in question was parked about forty feet away from where the officers, Defendant, Trimble, and Schuler were standing.

Officer Schuler then informed Officer Napolitano to place Defendant under arrest. At or around this time, Dorian informed Officer Schuler that Defendant had a gun. After Officer Napolitano took Defendant into custody, the officers radioed the license plate number of the truck into Operations Control and confirmed that the truck was indeed reported stolen.

The officers then searched the bag, which was originally placed at the feet of Defendant, on the hood of the squad car. Inside the bag, the officers found the firearm that is the subject of this prosecution. Neither Trimble nor Dorian stated that they owned the bag.

The officers took Defendant to the station, where he was Mirandized and questioned. Defendant acknowledged that he understood his rights and did not ask for an attorney. In response to questioning, Defendant stated that he had bought the gun on Chicago Avenue for about $75 from a man named "Pops." No officer questioned Defendant until he arrived at the station and was informed of his rights.

## ANALYSIS

A police officer may arrest a suspect for a misdemeanor offense which did not occur in the officer's presence so long as: (1) probable cause exists for the arrest and (2) state law authorizes the arresting officer to effectuate an arrest for a particular offense. *Woods v. City of Chicago*, 234 F.3d 979, 995-96 (7th Cir. 2000) ("*Woods*"). The warrentless arrest of the

Defendant, for a misdemeanor, was authorized by Illinois law. *Woods*, 234 F.3d at 996; *see also* 725 ILCS § 5/107-2.

Here, the officers had probable cause to arrest Defendant. The officers received a dispatch of a disturbance and another dispatch indicating that a gun was at the scene. When the officers arrived at the scene and took control of the situation, Trimble told the officers that Defendant took the truck for work; but it was not returned, as instructed, on the previous day. Trimble also stated that the vehicle was reported stolen and that Defendant stole the vehicle. This fact was confirmed by the officers via police radio.

The officers also had sufficient information to believe that Trimble was credible. The officers learned that Trimble was the owner of the trucking business located at the scene of the arrest. In addition, Trimble had an incident notice in his hand that confirmed his truck was reported stolen.

It is not material that the officers may have thought they were arresting Defendant for theft of a vehicle instead of the criminal trespass to a vehicle; "an arrest may satisfy the Fourth Amendment if there was probable cause to arrest the suspect for the precise offense the officer cited or, lacking that, a 'closely related charge.'" *United States v. Reed*, 349 F.3d 457, 462 (7th Cir. 2003) ("*Reed*"). The criminal trespass to a vehicle charge is based on the same set of facts as a theft charge, and a "reasonable police officer acting in good faith" would be able to recommend the trespass charge at the time of the arrest. *See Reed*, 349 F.3d at 463. Therefore, the officers had probable cause to effectuate the arrest of Defendant for criminal trespass to a vehicle, pursuant to 720 ILCS § 5/21-2.

After the arrest, and based on the totality of the circumstances discussed above, the search of Defendant's black and green bag was reasonable. Containers may be searched during a search incident to a lawful arrest. *See, e.g., United States v. Richardson*, 121 F.3d 1051, 1056 (7th Cir. 1997). The bag, which was originally in Defendant's hand and later placed by his feet, was within the area of immediate control of Defendant. The bag was searched after the officers verified the stolen truck's licence plates, shortly after Defendant was placed into custody. Defendant presents no arguments to the contrary. Therefore, the bag was properly searched as a search incident to a lawful arrest.

Defendant also contends that he was not properly warned of his constitutional rights and that he was coerced into giving his statement. However, police officers, Officers Napolitano and Officer Schuler, testified otherwise. Their testimony was credible and un-impeached. Accordingly, Defendant was properly advised of his rights; and his statement was not the product of coercion or duress.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress is denied.

Dated: March 15, 2000

JOHN W. DARRAH
United States District Judge

5