# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 480 | **DATE** | 3/23/2004 |
| **CASE TITLE** | USA vs. James Humphreys | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the motions in limine are granted in part and denied in part. Defendant's three proposed jury instructions are refused. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 86 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No: 03 CR 480 |
| ) | |
| JAMES HUMPHREYS ) | Judge John W. Darrah |

**DOCKETED**

MAR 2 4 2004

## MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought a one-count indictment against Defendant, James Humphreys. Defendant, a convicted felon, was indicted for possessing a firearm that traveled through interstate commerce in violation of 18 U.S.C. § 922(g)(1). Now before the Court are motions *in limine* from Defendant seeking to preclude the Government from: (1) impeaching Defendant at trial with his testimony and written statement used in support of his Motion to Suppress; (2) referencing Defendant's prior convictions to prove an element of the charged offense; (3) impeaching Defendant with his felony convictions over ten years old; (4) impeaching Defendant with armed robbery and aggravated battery convictions; (5) making reference to Defendant's denied motion to suppress; and (6) referencing State of Illinois charges filed against Defendant.

Defendant also seeks to present three jury instructions. For the following reasons, the motions *in limine* are granted in part and denied in part; and the three jury instructions proposed by Defendant are refused.



## ANALYSIS

Defendant seeks to prevent the Government from using Defendant's prior statements during his testimony at a motion to suppress to impeach Defendant if he testifies at trial. A defendant's testimony at a suppression hearing may not be used against him "on the issue of guilt." *Simmons v. United States*, 390 U.S. 377, 394 (1968) (*Simmons*). However, the Supreme Court has yet to decide whether testimony from a suppression hearing may be used strictly for impeachment purposes if a defendant testifies at trial. *United States v. Salvucci*, 448 U.S. 83, 93-94 (1980). The Seventh Circuit has yet to decide this issue, as well.

However, other courts that have examined the issue have determined that a criminal defendant may be impeached with his prior testimony and statements if a defendant testifies to those matters at trial. *United States v. Jaswal*, 47 F.3d 539, 543-44 (2d Cir. 1995) (*Jaswal*); *United States v. Beltran-Gutierrez*, 19 F.3d 1287, 1289-91 (9th Cir. 1994) (*Beltran-Gutierrez*); *United States v. Quesada-Rosadal*, 685 F.2d 1281, 1283 (11th Cir. 1982) (*Quesada-Rosadal*). Those courts have distinguished *Simmons* as precluding the use of suppression hearing testimony to establish guilt. *E.g.*, *Beltran-Gutierrez*, 19 F.3d at 1290.

The rationale behind these decisions recognizes that any witness, including a criminal defendant, has an obligation to testify truthfully on both direct and cross-examination. *Quesada-Rosadal*, 685 F.2d at 1283. Thus, so long as the prior testimony is only used for the limited purpose of attacking the credibility of a criminal defendant at trial, there is nothing improper from impeaching a criminal defendant with his prior testimony. *See Jaswal*, 47 F.3d at 543. Defendant has presented no authority to the contrary. Accordingly, Defendant's motion *in limine* on this issue is denied.

2

Defendant next seeks to preclude the Government from referencing one of Defendant's specific prior convictions to prove an element of the charged offense. Generally, to prove Defendant violated 18 U.S.C. § 922(g), the Government must prove, beyond a reasonable doubt, that Defendant was previously convicted of a crime punishable by more than one-year imprisonment. However, when a Defendant stipulates to a prior unspecified felony conviction, thus satisfying the Government's burden of proving that offense, Federal Rule of Evidence 403 is violated by permitting the Government to prove up a prior felony conviction by proof of a specifically named felony conviction. *Old Chief v. United States*, 519 U.S. 172, 191-92 (1997).

Here, Defendant and the Government have stipulated that Defendant, some time prior to the date of his offense, was convicted of such a crime. Therefore, Defendant's motion *in limine* seeking to preclude the Government from referencing a specific prior felony conviction to prove an element of the charged offense is granted.

Defendant also seeks to bar evidence of his prior convictions at trial. Prior crimes are only admissible if no more than ten years have elapsed from the date of conviction or the date of release from confinement. Fed. R. Evid. 609(b). In this case, three of Defendant's prior felony convictions exceed this ten-year period: (1) two 1989 convictions for possession of a class B controlled substance and (2) an unarmed bank robbery conviction where Defendant was released from confinement in 1993. The Government did not provide Defendant notice that it would attempt to introduce these convictions, as required under Federal Rule of Evidence 609(b). Accordingly, Defendant's motion *in limine* seeking to preclude evidence of these prior convictions is granted.

However, two of Defendant's crimes fall within the ten-year period provided in Rule 609(b) and are thus subject to the balancing test provided in Rule 609(a)(1): (1) an armed robbery conviction in 1993 where Defendant was released from confinement in 1996 and (2) an aggravated battery for which Defendant was convicted in 1999. Federal Rule of Evidence 609(a)(1) states that "evidence that an accused has been convicted of [a crime punishable by imprisonment of more than one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

The Seventh Circuit has established five factors to help a district court apply the Rule 609(a)(1) balancing test. Under this test, a district court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *E.g., United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997).

Here, the impeachment value of these prior crimes are low as they are not crimes relating to the credibility of Defendant. These convictions are, respectively, over ten years and four years old and relatively far removed in time from the current charge.

Furthermore, evidence of these crimes is extremely prejudicial to Defendant. Both convictions are for serious and violent crimes, and the armed robbery crime involves the use of a gun. A material element of the instant offense involves possession of a firearm by Defendant. Evidence of these crimes present the probability of a prejudicial effect to Defendant which clearly outweighs the probative value as to the issue of Defendant's truthfulness.

4

The Government argues that Defendant's testimony, if it occurs, would be very important and that his credibility would be a central issue. The Government further argues that an appropriate limiting instruction would remedy any prejudice to Defendant in admitting the prior felony convictions. However, the probability of unfair prejudice and minimal probative weight could not, with reasonable certainty, be avoided by use of a cautionary instruction. Accordingly, Defendant's motion *in limine* to exclude evidence of these prior convictions for impeachment purposes is granted.

Defendant next seeks to prevent the Government or its witnesses from communicating to the jury any facts discussing Defendant's previously denied motion to suppress evidence or any mention of the words suppress or suppression. Defendant correctly argues that under Federal Rule of Evidence 403, these references may be prejudicial to his case because the jury may regard this information as evidence of Defendant's guilt or an indication of the Court's view of the case in that regard. Moreover, there would be practically no probative value from allowing evidence of the motion to suppress proceedings. Therefore, Defendant's motion *in limine* with respect to these topics is granted.

Defendant also seeks to exclude the Government from referencing evidence about the State of Illinois charges filed against Defendant. Defendant argues, under Rule 403, that the jury would be unfairly prejudiced if they heard testimony about his alleged theft, stealing, criminal trespass, unlawful use of a weapon and the subsequent institution of state charges. However, the prejudicial value of these events fails to outweigh their probative value, as required by Rule 403. These events are sufficiently unrelated to the offense at issue such that a jury would be unlikely to infer Defendant is more likely to be guilty of possessing a firearm in violation of § 922(g).

Moreover, these events are highly probative because they help to explain how Defendant obtained the firearm in question and also provide context to the discovery of the weapon. Accordingly, Defendant's motion *in limine* seeking to exclude reference to any State of Illinois charges is denied.

Defendant has proposed three jury instructions. The first instruction states that "[y]ou have heard evidence that the defendant has been convicted of a crime. A conviction of another crime is not evidence of the defendant's guilt of any crime for which the defendant is now charged." That instruction is based on the Seventh Circuit Federal Jury Instruction 3.05.

However, the committee notes for this instruction provides that "[a] defendant's prior criminal record, however, may be called to the jury's attention for other purposes. A prior conviction may be required to be proved as an element of the offense charged. E.g., **18 U.S.C. 922(g) and (h)**" (emphasis added). Here, Defendant is charged with the exact crime the committee notes reference as a proper use of a defendant's prior criminal record. Therefore, Defendant's first proposed jury instruction is refused.

Defendant also proposes jury instructions designated as Defendant's jury instruction 2 and 2A, relating to an "innocent possession" defense, be read to the jury. Defendant's instruction 2 states "[t]he defendant would not be guilty of the offense charged if you find that his possession of the firearm charged by the government lacked any criminal purpose and occurred over a short period of time before the firearm was recovered by law enforcement authorities." Defendant's instruction 2A states "[t]he Defendant would not be guilty of the offense charged if you find that his possession of the firearm charged by the government lacked any criminal

purpose and occurred at the direction of another person over a short period of time before the firearm was recovered by law enforcement authorities."

Defendant relies on *United States v. Mason*, 233 F.3d 619, 623-24 (D.C. Cir. 2001), which held that under certain circumstances, an innocent possession defense might be applicable to prevent a defendant from always being guilty simply for possessing a firearm. However, the Seventh Circuit has found that this defense is only applicable in "situations in which the elements of a justification defense (i.e., necessity, duress, or self-defense) are present." *United States v. Hendricks*, 319 F.3d 993, 1007 (7th Cir. 2003) (*Hendricks*). For a justification defense to be applicable, there must be "evidence of an imminent threat of death or bodily injury to [defendant] or others." *Hendricks*, 319 F.3d at 1007.

In this case, Defendant returned his employer's vehicle on December 11, 2002. When he returned the truck, there was no imminent threat of death or bodily injury to defendant or others that would have justified his possession of a firearm. Therefore, Defendant is not entitled to present his second and third jury instructions.

## CONCLUSION

For the foregoing reasons, the motions *in limine* are granted in part and denied in part; and Defendant's three proposed jury instructions are refused.

Dated: March 23, 2004

JOHN W. DARRAH
United States District Judge

7