# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 480 | **DATE** | 6/7/2004 |
| **CASE TITLE** | USA vs. James Humphreys | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, defendant's motion for judgment of acquittal and motion for a new trial are denied. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUN 0 8 2004 | |
| | Notified counsel by telephone. | | date docketed | 92 |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | 2004 JUN -8 AM 8:27 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 480 |
| | ) | |
| JAMES HUMPHREYS | ) | Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

The United States of America ("the Government") brought a one-count indictment against Defendant, James Humphreys. Defendant, a convicted felon, was indicted for possessing a firearm that traveled through interstate commerce in violation of 18 U.S.C. § 922(g)(1). Defendant was found guilty of the charged offense after jury trial held from March 16-18, 2004. Thereafter, Defendant filed a Motion for Judgment of Acquittal and a Motion for a New Trial. For the reasons that follow, those motions are denied.

## LEGAL STANDARDS

Motions for judgment of acquittal should only be granted when "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997)). Thus, in viewing the evidence in the light most favorable to the Government, if "any rational trier of fact could

have found the essential elements of the crime beyond a reasonable doubt," a defendant's motion for judgment of acquittal should be denied. *United States v. Benjamin*, 116 F.3d 1204, 1206 (7th Cir. 1997).

Federal Rule of Criminal Procedure 33(a) provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "[T]he question whether to grant a new trial is committed to the discretion of the district judge," *United States v. Williams*, 81 F.3d 1434, 1437 (7th Cir. 1996), and will only be reversed if "there has been an error as a matter of law or a clear and manifest abuse of discretion." *United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989).

## BACKGROUND

On May 8, 2003, Defendant was indicted for possessing a firearm that traveled through interstate commerce in violation of 18 U.S.C. § 922(g)(1). The indictment described a particular firearm allegedly made by the High Standard Company that was transported in interstate commerce into the State of Illinois at some time prior to the charged offense.

Before the trial, Defendant filed multiple motions. Defendant filed a pre-trial motion to suppress evidence and quash his arrest, which was denied by written opinion and after a suppression hearing on March 16, 2004. *United States v. Humphreys*, 2004 WL 527999 (N.D. Ill. Mar. 16, 2004). Defendant also filed a motion to dismiss the indictment, whicht was denied on December 11, 2003. Defendant further filed a motion *in limine* and proposed jury instructions. In a March 24, 2004, opinion, the motions *in limine* were granted in part and denied in part; and Defendant's proposed jury instructions 1, 2, and 2a were refused. *United States v. Humphreys*, 2004 WL 609796 (N.D. Ill. Mar. 24, 2004).

The Government filed pre-trial motions *in limine* seeking to bar: (1) Defendant from introducing any evidence regarding the penalty of the offense, and (2) argument or evidence at trial relating to the method of search and seizure. Those motions were granted on March 10, 2004.

At trial, Defendant stipulated that he was previously convicted of a felony and contested the issue of whether or not he possessed the firearm in question and whether the firearm traveled through interstate commerce.

On the issue of whether Defendant possessed the firearm in question, the jury heard testimony from Shawn Trimble and Chicago Police Officers Joseph Schuler and Anthony Napolitano. Trimble is the owner of Defendant's employer, Trimble Trucking Company. These witnesses testified that: (1) Defendant arrived at Trimble Trucking on December 11, 2002, with the firearm and showed it to Trimble; (2) the firearm was removed from Defendant's bag; and (3) Defendant admitted to the police that he had bought the firearm for protection from a "Pops" for $75.

According to Defendant, evidence showed that Trimble, and not Defendant, had possessed the firearm. Defendant claims the evidence shows that he was "truckjacked" while making deliveries for Trimble, and the truckjacker left the firearm in the truck. When Defendant returned to Trimble Trucking and told Trimble there was a firearm in the truck, Trimble told Defendant to place the firearm in the bag. Defendant followed Trimble's directive, and the police then arrived at Trimble Trucking. Trimble then told the officers that Defendant had a gun in his bag, and the officers discovered this gun after arresting Defendant.

On the issue of whether the firearm traveled through interstate commerce, the Government did not present direct evidence that the gun was made outside of Illinois or was transported to Illinois. The Government's witness on this issue, Agent Michael Casey of the Bureau of Alcohol, Tobacco, and Firearms, admitted on cross-examination that he did not verify with the High Standard Company, by using the firearm's serial number, that the firearm in question was made by the High Standard Company outside of Illinois. Agent Casey also admitted that guns are counterfeited in the United States and Illinois.

However, Agent Casey, a witness who is knowledgeable in the field of firearm identification, testified that the firearm in question was manufactured by High Standard Manufacturing in Connecticut; the firearm in question was not manufactured in Illinois; the name of the manufacturer and the state where the firearm in question was manufactured were stamped into the barrel of the gun; the firearm in question was not counterfeit; and the firearm in question traveled through interstate commerce. The jury was also able to see the firearm in question and observe that the firearm was stamped with "High Standard Mfg. Corp." and "Hamden, Conn. USA" on its barrel. Agent Casey was found to be an expert in the area of firearm identification without objection from Defendant.

Defendant was not permitted to introduce its Exhibit 2, a copy of the police report prepared by Officer Schuler and approved and signed by Officers Schuler and Napolitano, both who testified at trial. However, Defendant was allowed to impeach these witnesses with the report. Government objections to the introduction of other evidence were also sustained, based upon earlier rulings. Defendant's motion for a directed verdict of acquittal at the close of the Government's case was denied.

## ANALYSIS

Defendant argues that there was insufficient evidence for a conviction on the charged indictment because: (1) Trimble, rather than Defendant, had a possessory interest in the firearm in question; and (2) the Government was unable to prove that the firearm in question did not travel through interstate commerce.

As to Defendant's first contention, the record contains evidence, when viewed in the light most favorable to the Government, that establishes this element of the offense beyond a reasonable doubt. As discussed above, the evidence presented showed that: (1) Defendant arrived at Trimble Trucking on December 11, 2002, with the firearm and showed it to Trimble; (2) the firearm was removed from Defendant's bag; and (3) Defendant admitted to the police that he had bought the firearm for protection from a "Pops" for $75. The jury was entitled to find that this evidence was more credible than Defendant's testimony concerning the alleged truckjacking. Therefore, sufficient evidence was presented demonstrating that Defendant, and not Trimble, had possessed the firearm.

As to Defendant's second contention, the record contains evidence, when viewed in the light most favorable to the Government, that establishes this element of the offense beyond a reasonable doubt, as well. As discussed above, the firearm itself is stamped with markings indicating the gun was made by a Connecticut manufacturer. Agent Casey also testified that the firearm was not counterfeit and was not manufactured in Illinois. The jury was entitled to find that this evidence was credible and established the firearm traveled through interstate commerce. Accordingly, sufficient evidence was presented demonstrating that the firearm in question traveled through interstate commerce.

Defendant also contends that he is entitled to a new trial because the Court erred: (1) in denying Defendant's pre-trial motion to suppress evidence and quash his arrest; (2) in denying Defendant's pre-trial motion to dismiss the indictment; (3) in granting the Government's consolidated motion *in limine* and, in particular, ruling that "[t]he defendant is barred from introducing any evidence regarding the penalty of the offense;" (4) in granting the Government's oral motion *in limine* and ruling that the "Government's oral motion barring any argument or evidence at trial related to the method of search and seizure is granted;" (5) in sustaining the Government's objections to the admission of evidence by the defense, based on the Court's granting of the Government's motions *in limine*; (6) in refusing the admission at trial of Defendant's Exhibit 2, a copy of the police report prepared by Officer Schuler and approved and signed by both Officers Schuler and Napolitano, who both testified at trial; (7) in refusing to grant Defendant's motion for directed verdict of acquittal at the close of the Government's case; (8) in denying Defendant's oral motions prior to and during trial; (9) in refusing Defendant's proposed jury instructions 1, 2, and 2a; and (10) in denying, as set out above, Defendant's motion for judgment of acquittal. Defendant also claims that the "cumulative effect of the variety of the Court's errors both before, during and after trial requires that defendant Humphreys be granted a new trial in the interests of justice." (Def.'s Mot. for New Trial, at 3).

However, Defendant has not presented any new arguments in support of these contentions. Defendant's previous arguments with respect to these contentions have already been considered and ruled upon. Therefore, Defendant's Motion for a New Trial is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal and Motion for a New Trial are denied.

Dated: June 7, 2004

JOHN W. DARRAH
United States District Judge